Mr. Lee Douglass State Insurance Commissioner 400 University Tower Building 1123 South University Avenue Little Rock, Arkansas 72204
Dear Mr. Douglass:
This is in response to your request for an opinion regarding A.C.A. 22-9-401 et seq. (1987 and Cum. Supp. 1993) and the surety bonds that are required from contractors on public projects. Section 22-9-401(a) (1987) provides that all surety bonds required by the state and its political subdivisions for the repair, alteration, construction, or improvement of any public works "shall be liable on all claims for labor and materials entering into the construction, or necessary or incident to or used in the course of construction, of the public improvements." Section 22-9-402(b) (Cum. Supp. 1993), which is specifically referenced in your correspondence, provides that the surety bonds referred to in section 22-9-401 are to be executed by resident local agents who are licensed by the Arkansas Insurance Commissioner to represent the surety company executing the bond. Although I am somewhat unclear as to the question presented in your request with respect to the foregoing provisions, I assume that you are inquiring as to whether the surety bonds which are referred to in A.C.A. 22-9-401, and which must be executed by resident local agents pursuant to A.C.A. 22-9-402, must be given by contractors at the time they submit their bids for public projects.
If I have interpreted your question correctly, it is my opinion that the surety bonds referred to in section 22-9-401 are not required to be executed at the time bids are made on public projects. In my opinion, such bonds are required only at such time as a contractor's bid has been accepted and the contractor enters into the contract with the governmental entity for the repair, alteration, or erection of a public building or improvement. The foregoing determination is based in large part on A.C.A. 18-44-503 (Cum. Supp. 1993), which must be considered in conjunction with A.C.A. 22-9-401 et seq., the provisions referenced in your correspondence. It is section 18-44-503 which actually requires that surety bonds be provided by contractors on certain public projects, while sections 22-9-401 et seq. set forth the coverage and execution of such bonds. Section 18-44-503
provides:
 (a) No contract in any sum exceeding twenty thousand dollars ($20,000) providing for the repair, alteration, or erection of any public building, public structure, or public improvement shall be entered into by the State of Arkansas or any subdivision thereof, by any county, municipality, school district, or other local taxing unit, or by any agency of any of the foregoing, unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.
 (b) All persons, firms, associations, and corporations who have valid claims against the bond may bring an action on the bond against the corporate surety, provided that no action shall be brought on the bond after twelve (12) months from the date on which the Arkansas State Building Services approves final payment on the state contract, nor shall any action be brought outside the State of Arkansas.
[Emphasis added.][1]
In my opinion, the foregoing statute clearly contemplates that the surety bonds will be posted at the time the actual contract for the public works project is entered into, rather than at the time bids are made for the project. This determination seems further compelled by the fact that it would seem senseless to require every contractor who submitted a bid on a public works project to execute a surety bond when he does not know if his bid will be accepted and when the liability coverage provided by the bonds extends to labor and materials used in the construction of the public work. See A.C.A. 22-9-401.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See Op. Att'y Gen. No. 89-031 discussing the conflict between this provision, setting a twelve month time limit for bringing claims on a surety bond against the corporate surety, and A.C.A. 22-9-403(b), which sets a six month time limit for such claims.